Smith v City of New York (2022 NY Slip Op 05226)

Smith v City of New York

2022 NY Slip Op 05226

Decided on September 21, 2022

Appellate Division, Second Department

Miller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2018-14531
 (Index No. 705492/14)

[*1]Jeri Smith, respondent-appellant, 
v
City of New York, appellant-respondent, Malcolm Pirnie, Inc., defendant third-party plaintiff-respondent, WDF, Inc., defendant second third-party plaintiff-respondent, John P. Picone, Inc., defendant third-party defendant/second third-party defendant-respondent; et al., second third-party defendant.

APPEAL by the defendant City of New York, and CROSS APPEAL by the plaintiff, in an action to recover damages for personal injuries, from an order of the Supreme Court (Allan B. Weiss, J.), entered December 4, 2018, in Queens County. The order, insofar as appealed from, denied those branches of the motion of the defendant City of New York which were for summary judgment dismissing the first cause of action and all cross claims insofar as asserted against it, granted the separate motions of the defendant third-party plaintiff, Malcolm Pirnie, Inc., and the defendant second-third party plaintiff, WDF, Inc., for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against each of them, and granted the motion of the defendant third-party defendant/second third-party defendant, John P. Picone, Inc., for summary judgment dismissing the amended complaint, all cross claims, the third-party complaint, and the amended second third-party complaint insofar as asserted against it. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant third-party plaintiff, Malcolm Pirnie, Inc., which was for summary judgment dismissing the third cause of action, granted that branch of the motion of the defendant second-third party plaintiff, WDF, Inc., which was for summary judgment dismissing the fifth cause of action, and granted that branch of the motion of the defendant third-party defendant/second third-party defendant, John P. Picone, Inc., which was for summary judgment dismissing the seventh cause of action.

Chesney, Nicholas & Brower LLP, Syosset, NY (Rudolph Petruzzi and Lindsie B. Alterkun of counsel), for appellant-respondent.
Scott Baron & Associates, P.C., Howard Beach, NY, for respondent-appellant.
Hannum Feretic Prendergast & Merlino, LLC, Mineola, NY (Gail J. McNally of counsel), for defendant third-party plaintiff-respondent.
La Salle, La Salle & Dwyer, P.C., Sea Cliff, NY (Sean P. Dwyer of counsel), for defendant second third-party plaintiff-respondent.
Newman Myers Kreines Gross Harris, P.C., New York, NY (Patrick M. Caruana and Charles D. Cole, Jr., of counsel), for defendant third-party defendant/second third-[*2]party defendant-respondent.

MILLER, J.

OPINION & ORDER
Prior notification laws are a valid exercise of legislative authority and reflect a legislative decision to modify the legal duty of care owed by a locality to individuals. Where a locality has enacted a prior notification law and is alleged to be liable for personal injuries sustained as a result of a defective condition, the locality establishes a defense as a matter of law by demonstrating that it did not receive prior written notice of the defective condition. Under such circumstances, the plaintiff must demonstrate the applicability of an exception to such a defense in order to avoid dismissal.
While these general principles are not in doubt, their application within the procedural framework of a motion for summary judgment has not always been uniform. Given this lack of consistency, we take this opportunity to clarify the correct burden-shifting standard on a motion for summary judgment. Where a locality establishes, prima facie, that it was not provided with prior written notice, the burden shifts to the plaintiff to demonstrate the applicability of an exception to that defense. As set forth more fully below, this burden-shifting standard should be applied even when the complaint affirmatively alleges that an exception is applicable. To the extent that this Court's case law conflicts with these principles, it should no longer be followed.
I. Factual and Procedural Background
The plaintiff was a site safety inspector for construction work performed by certain contractors at the New York City Tallman Island Wastewater Treatment Plant located in College Point, Queens. As the plaintiff walked back to her vehicle one morning after a routine safety inspection at the facility, she slipped on black ice that was present on the access road.
A. The Pleadings
1. The Complaint
The plaintiff commenced this action to recover damages for personal injuries against: (1) the City of New York, (2) Arcadis U.S., Inc. (hereinafter Arcadis), and (3) WDF, Inc. (hereinafter WDF). The complaint asserted two causes of action against each defendant, for a total of six causes of action. The first cause of action was asserted against the City and alleged that the City owned certain premises "known as and by the address of Tallman Island WWTP, 127-01 Powells Cove Boulevard, College Point, NY 11356," where it operated a certain facility under the auspices of the "NYC DEPARTMENT OF ENVIRONMENTAL PROTECTION."
The first cause of action alleged that the plaintiff "was caused [to] slip and or trip and fall" due to the City's negligence in "failing to remove snow and/or ice[,] . . . failing to spread salt and/or sand, . . . improperly shoveling snow[, and] negligently shoveling snow." The first cause of action also alleged that the City was negligent "in causing . . . a trap, hazard and nuisance to be and exist for an excessive and unreasonable period of time." It more broadly alleged that the City "caused and created the aforesaid dangerous and defective conditions."
The second cause of action was also asserted against the City and alleged violations of Labor Law § 241(6).
The remaining portions of the complaint repeated the same two causes of action against each of the other two defendants. In other words, the third and fifth causes of action sounded in negligence against Arcadis and WDF, respectively, and the fourth and sixth causes of action alleged violations of Labor Law § 241(6) against Arcadis and WDF, respectively.
2. Responsive Pleadings
Malcolm Pirnie, Inc. (hereinafter Pirnie), asserted that it was incorrectly sued in the complaint as Arcadis. Pirnie interposed an answer to the complaint, which included a cross claim against WDF. The City and WDF jointly interposed an answer, which included four cross claims against Arcadis. The City later interposed its own separate amended answer, which included a cross claim against Arcadis and WDF.
Pirnie commenced a third-party action against John P. Picone, Inc. (hereinafter Picone), and WDF commenced a second third-party action against Picone and Pro Safety Services, LLC (hereinafter Pro Safety).
3. The Amended Complaint
The plaintiff filed an amended complaint naming four defendants: (1) the City, (2) Pirnie, (3) WDF, and (4) Picone. The amended complaint repeated the same two causes of action sounding in negligence and violations of Labor Law § 241(6) against each defendant, for a total of [*3]eight causes of action.
The two causes of action asserted against the City in the amended complaint were the same as the two causes of action asserted in the original complaint. As relevant here, the first cause of action again alleged that the City "caused and created . . . dangerous . . . conditions."
4. Additional Responsive Pleadings
Pirnie answered the amended complaint. In its answer, Pirnie asserted a cross claim against WDF and Picone.
The City answered the amended complaint. In its answer, the City asserted a cross claim against Pirnie, WDF, and Picone.
Picone answered the third-party complaint and also answered the amended complaint. Picone later served an amended answer to the amended complaint. In its amended answer, Picone asserted a cross claim against the City, Pirnie, WDF, and Pro Safety.
Finally, WDF answered the amended complaint. In its answer, WDF asserted four cross claims against Pirnie and four cross claims against Picone.
B. The Underlying Motion Practice
1. Pirnie's Motion
Pirnie moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. Pirnie contended, among other things, that it did not own the property where the accident occurred, and that it had no duty to remove snow or ice. "As such," Pirnie contended, "[it] did not create the alleged dangerous condition."
2. WDF's Motion
WDF separately moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. WDF contended, among other things, that it had "no duty" and "no authority or obligation to maintain the area where [the] plaintiff fell." WDF asserted that it "did not create the condition" and could not be held liable for the plaintiff's accident.
3. The City's Motion
The City separately moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. The City argued, inter alia, that it did not receive prior written notice of the allegedly dangerous condition, as required by the applicable written notice law (see Administrative Code of City of NY § 7-201) to impose liability against the City for defects or dangerous conditions.
As relevant here, the City argued:
"In its initial motion papers, The City does not have the burden of proving the exceptions to Administrative Code § 7-201 such as the cause and create exception. The courts have found that a municipality meets its burden to warrant an order granting summary judgment when it has demonstrated the absence of prior written notice under § 7-201(c). The burden then shifts to the party opposing the motion to demonstrate a triable issue of fact to defeat the Motion for Summary Judgment, such as an exception to the prior written notice law."
4. Picone's Motion
Picone separately moved for summary judgment dismissing the amended complaint, all cross claims, the third-party complaint, and the amended second third-party complaint insofar as asserted against it. Picone contended, among other things, that the Labor Law was "not applicable to a slip and fall on a roadway open for vehicular traffic." Picone further contended that it "did not create the black ice and did not control" the access road.
C. The Order Appealed and Cross-Appealed From
In an order entered December 4, 2018, the Supreme Court, inter alia, granted those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 241(6), i.e., the second, fourth, sixth, and eighth causes of action. In this regard, the court determined that the only Industrial Code provision relied upon by the plaintiff as a predicate for liability under Labor Law § 241(6) was not applicable to the facts of this case.
As relevant here, the Supreme Court denied those branches of the City's motion which were for summary judgment dismissing the remaining cause of action asserted against it, i.e., the first cause of action, and all cross claims insofar as asserted against it:
"In the instant matter, the City established that it did not receive prior written notice of the alleged dangerous condition. Nonetheless, it failed to meet its burden of demonstrating its prima facie entitlement to judgment as a matter of law. '[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings' (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2d Dept 2010]; see Braver v Village of Cedarhurst, 94 AD3d at 933). Here, the plaintiff alleged in her notice of claim, complaint, and bill of particulars that the defendant affirmatively created the dangerous condition which caused the accident through negligent snow removal (see Braver v Village of Cedarhurst, supra). Under these circumstances, the City is required to eliminate all triable issues of fact as to whether it affirmatively created the alleged dangerous condition through negligent snow removal to sustain its prima facie burden (see id.; Miller v Vil. of E. Hampton, 98 AD3d 1007, 1008-09 [2d Dept 2012]; cf. Rubistello v Bartolini Landscaping, Inc., 87 AD3d 1003 [2d Dept 2011]; Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1045 [2d Dept 2010]). Since the City failed to do so, the motion for summary judgment is denied without regard to the sufficiency of the plaintiff's opposition papers."
The Supreme Court granted those branches of the separate motions of the remaining defendants (Pirnie, WDF, and Picone) which were for summary judgment dismissing the remaining causes of action asserted against each of them, i.e., the third, fifth, and seventh causes of action. In light of the foregoing, the court awarded Pirnie and WDF summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them, and awarded Picone summary judgment dismissing the amended complaint, all cross claims, the third-party complaint, and the amended second third-party complaint insofar as asserted against it.
D. The City's Appeal
The City appeals from the order. On appeal, the City contends, among other things, that it was entitled to summary judgment dismissing the first cause of action because there was no evidence that the City created the allegedly dangerous condition. The City argues that an expert affidavit submitted by the plaintiff was conclusory and speculative. The City further contends that the other three defendants (Pirnie, WDF, and Picone) were not entitled to summary judgment.
E. The Plaintiff's Cross Appeal
The plaintiff cross-appeals from the order. On the cross appeal, the plaintiff contends, inter alia, that her theory of liability is that the dangerous condition arose from either the creation of snow piles or a failure to adequately spread sand and salt. The plaintiff argues that "[f]ailing adequately to spread sand and salt is tantamount to creating ice." Similarly, the plaintiff argues that "because ice is a foreseeable result, creating snow piles is tantamount to creating ice."
As relevant here, the plaintiff contends on appeal that "'[t]he [City] failed to demonstrate that its alleged failure to spread a salt and sand mixture on the ground after it plowed the [access road] did not affirmatively cause the icy condition that resulted in the plaintiff's accident'" (quoting Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 958).
II. Legal Analysis
A. Prior Written Notice Law
1. Generally
"Prior notification laws are a valid exercise of legislative authority" (Amabile v City of Buffalo, 93 NY2d 471, 473). Indeed, the authorizing statutory provision "specifically allows for the enactment of prior notification statutes and requires compliance with such laws[,] . . . [and] it must be read to apply alike to all laws enacted by any legislative body in this State" (Holt v County of Tioga, 56 NY2d 414, 419; see General Municipal Law § 50-e[4]). "Thus, in derogation of the common law, a locality may avoid liability for injuries sustained as a result of defects or hazardous conditions on its sidewalks if it has not been notified in writing of the existence of the defect or hazard at a specific location" (Amabile v City of Buffalo, 93 NY2d at 474).
2. The City's Prior Written Notice Law
As relevant here, "Administrative Code of the City of New York § 7-201(c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243). Accordingly, "prior written notice of a defect is a condition precedent which [a] plaintiff is required to plead and prove to maintain an action against the City" (id. at 243). Without more, "[t]he failure to demonstrate prior written notice leaves [a] plaintiff without legal recourse against the City" (id.).
"Transitory conditions present on a roadway or walkway such as debris, oil, ice, or sand have been found to constitute potentially dangerous conditions for which prior written notice must be given before liability may be imposed upon a municipality" (Farrell v City of New York, 49 AD3d 806, 807; see Puzhayeva v City of New York, 151 AD3d 988, 990-991; Min Whan Ock v City of New York, 34 AD3d 542, 542-543; Estrada v City of New York, 273 AD2d 194, 194).
"Because [the City's] prior written notice provision is a limited waiver of sovereign immunity, in derogation of common law, it is strictly construed" (Katz v City of New York, 87 NY2d at 243; see Administrative Code § 7-201[c]). "Such laws reflect a legislative judgment to modify the duty of care owed by a locality in order to address 'the vexing problem of municipal street and sidewalk liability'" (Amabile v City of Buffalo, 93 NY2d at 473, quoting Barry v Niagara Frontier Tr. Sys., 35 NY2d 629, 633) "when [it has] no reasonable opportunity to remedy the problem" (San Marco v Village/Town of Mount Kisco, 16 NY3d 111, 116; see General Municipal Law § 50-e[4]). "Although it can be harsh for plaintiffs in many cases, it is sensible that the municipality is exempt from liability for injuries on public property unless the municipality knew of the problem" (San Marco v Village/Town of Mount Kisco, 16 NY3d at 116).
3. Exceptions to Prior Written Notice
The Court of Appeals "has recognized only two exceptions to the statutory rule requiring prior written notice, namely, where the locality created the defect or hazard through an affirmative act of negligence and where a 'special use' confers a special benefit upon the locality" (Amabile v City of Buffalo, 93 NY2d at 474 [citation omitted]; see Yarborough v City of New York, 10 NY3d 726, 728; Puzhayeva v City of New York, 151 AD3d at 990). Only the affirmative negligence exception is implicated in this case, and the exception "'is limited to work [done] by [a municipality] that immediately results in the existence of a dangerous condition'" (Yarborough v City of New York, 10 NY3d at 728, quoting Oboler v City of New York, 8 NY3d 888, 889; see Fiero v City of New York, 190 AD3d 822, 824; Puzhayeva v City of New York, 151 AD3d at 990).
4. The Burden on Summary Judgment
In 2008, the Court of Appeals set forth the City's burden on a motion for summary judgment dismissing a complaint based on the prior written notice law: "Where the City establishes that it lacked prior written notice under [Administrative Code § 7-201(c)(2)], the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d at 728). In applying that standard to the facts of that case, the Court noted that the "plaintiff acknowledge[d] that the City lacked prior written notice of the dangerous condition," and determined that "the City was entitled to summary judgment because plaintiff failed to raise a triable question of fact as to whether the City created a defective condition within the meaning of the exception" (id.).
In 2010, the Court of Appeals applied the affirmative negligence exception to situations "where a municipality's negligence in the maintenance of a municipally owned parking facility triggers the foreseeable development of black ice as soon as the temperature shifts" (San Marco v Village/Town of Mount Kisco, 16 NY3d at 117). The Court determined that the "pil[ing] of plowed snow in a parking lot . . . presents the foreseeable, indeed known, risk of melting and refreezing" (id.). The Court held that "there are factual issues concerning whether the Village exercised its duty of care to maintain the parking lot in a reasonably safe condition by plowing snow high alongside active parking spaces, and in failing to salt or sand the lot on weekends, despite the fact that it remained open seven days a week" (id. at 118).
In 2011, the Court of Appeals again confirmed the scope of a municipality's burden in moving for summary judgment based on a prior written notice law (see Groninger v Village of Mamaroneck, 17 NY3d 125). There, the Court stated: "The Village, through the testimony of its representative, met its burden of establishing that it did not receive prior written notice of the icy condition, thereby shifting to plaintiff the burden of demonstrating either that a question of fact [*4]existed in that regard or that one of the Amabile exceptions applied" (id. at 129). In applying the standard in that case, the Court noted that "[p]laintiff never contested the Village's proof that it had not received prior written notice of the defect," and "plaintiff never raised the 'special benefit' exception" (id.). The Court continued: "to the extent that plaintiff contends that the Village's snow removal operations created the icy condition that caused plaintiff to fall (see San Marco v Village/Town of Mount Kisco, 16 NY3d 111, 118), the Appellate Division properly concluded that the opinion of plaintiff's expert engineer was speculative, as it was premised on an inspection conducted, and photographs taken, of the parking lot over two years after plaintiff's fall" (id. at 129-130).
B. This Court's Case Law
In the order appealed and cross-appealed from, the Supreme Court determined that "the City [was] required to eliminate all triable issues of fact as to whether it affirmatively created the alleged dangerous condition through negligent snow removal to sustain its prima facie burden." Because the City did not sustain this initial burden of demonstrating the inapplicability of the affirmative negligence exception to its prior written notice defense, the court denied those branches of the City's motion which were for summary judgment dismissing the first cause of action and all cross claims insofar as asserted against it. In support of its determination to apply this standard, the court cited to a line of cases from this Court which applies that standard and employs similar language.
On appeal, the plaintiff cites to this line of cases, contending, inter alia, that "'[t]he [City] failed to demonstrate that its alleged failure to spread a salt and sand mixture on the ground after it plowed the [access road] did not affirmatively cause the icy condition that resulted in the plaintiff's accident'" (quoting Steins v Incorporated Vil. of Garden City, 127 AD3d at 958).
1. Foster v Herbert Slepoy Corp.
This line of cases may be traced back to this Court's determination in Foster v Herbert Slepoy Corp. (76 AD3d 210). That case involved the three Espinal exceptions to the general rule that "'a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party'" (id. at 213, quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 138).
In Foster, this Court stated that the defendant Kerry Clancy "demonstrated his prima facie entitlement to judgment as a matter of law under the circumstances of this case merely by coming forward with proof that the plaintiff was not a party to [Clancy's] oral snow removal contract and that [Clancy] therefore owed no duty of care to the plaintiff" (Foster v Herbert Slepoy Corp., 76 AD3d at 214). This Court noted that "[w]hile the owners and the plaintiff cite to numerous decisions which held that snow removal contractors had to meet their prima facie burdens on their motions for summary judgment by demonstrating the inapplicability of one or more of the Espinal exceptions, the prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (id. [citations omitted]). "Here, Clancy made the requisite prima facie showing based on the plaintiff's allegations, and the burden shifted to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact as to the applicability of one or more of the three Espinal exceptions" (id.).
2. Braver v Village of Cedarhurst
Approximately two years later, in Braver v Village of Cedarhurst (94 AD3d 933), this Court was confronted with a situation where, in contrast to Foster, the plaintiffs actually "alleged in their bill of particulars that the Village affirmatively created the dangerous condition which caused the accident" (id. at 934). Quoting Foster, this Court stated that "'[t]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings'" (id., quoting Foster v Herbert Slepoy Corp., 76 AD3d at 214). This Court determined that given the allegations in the bill of particulars, "the Village was required to eliminate all triable issues of fact as to whether it affirmatively created the allegedly dangerous condition through negligent design and construction in order to sustain its prima facie burden" (Braver v Villlage of Cedarhurst, 94 AD3d at 934). Since the Village failed to sustain that burden, this Court concluded that the Village's motion for summary judgment should have been denied without regard to the sufficiency of the plaintiff's opposition papers (see id.).
3. Subsequent Case Law
After Braver, this Court has routinely applied Foster in this manner, and it has frequently required municipal defendants to affirmatively disprove pleaded exceptions to the applicable prior written notice law as a component of their prima facie case on a motion for summary [*5]judgment (see e.g. Pirrone v Metro N. Commuter R.R., 203 AD3d 1188; Holleran v Incorporated Vil. of Floral Park, 189 AD3d 1370, 1371-1372; Kabia v Town of Yorktown, 175 AD3d 1395, 1396; Eisenberg v Town of Clarkstown, 172 AD3d 683, 684; Seegers v Village of Mineola, 161 AD3d 910; Larenas v Incorporated Vil. of Garden City, 143 AD3d 777, 778; McManus v Klein, 136 AD3d 700, 701; Lima v Village of Garden City, 131 AD3d 947, 948; Steins v Incorporated Vil. of Garden City, 127 AD3d 957; Carlucci v Village of Scarsdale, 104 AD3d 797, 798; Miller v Village of E. Hampton, 98 AD3d 1007, 1008-1009; see also Burger v Brickman Group Ltd., LLC, 174 AD3d 568; Barone v Nickerson, 140 AD3d 1100; Glover v John Tyler Enters., Inc., 123 AD3d 882). In certain other cases, this Court has continued to apply the standard set forth by the Court of Appeals, determining that a municipal defendant satisfied its prima facie burden on a motion for summary judgment by demonstrating that it lacked prior written notice, and that the burden then shifted to the plaintiff to demonstrate the applicability of one of the recognized exceptions (see e.g. Thompson v Nassau County, 200 AD3d 823; Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; Lichtman v Village of Kiryas Joel, 90 AD3d 1001, 1001; Forman v City of White Plains, 5 AD3d 434, 434-435; cf. Gruska v City of New York, 292 AD2d 498).
C. The Narrow Holding of Foster
This Court's determination in Foster did not involve the exceptions to a prior written notice law, but rather, involved the application of the three Espinal exceptions to the general rule that "'a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party'" (Foster v Herbert Slepoy Corp., 76 AD3d at 213, quoting Espinal v Melville Snow Contrs., 98 NY2d at 138). As Foster itself reflects, even at the time that Foster was decided, this Court had "numerous decisions which held that snow removal contractors had to meet their prima facie burdens on their motions for summary judgment by demonstrating the inapplicability of one or more of the Espinal exceptions" (Foster v Herbert Slepoy Corp., 76 AD3d at 214, citing Lattimore v First Mineola Co., 60 AD3d 639, 642-643, Georgotas v Laro Maintenance Corp., 55 AD3d 666, 667, and Keese v Imperial Gardens Assoc., LLC, 36 AD3d 666, 667-668). However, this Court ultimately declined to apply that line of cases in Foster because "the plaintiff never alleged facts in her complaint or in her bill of particulars which would establish that any of those exceptions applied herein" (Foster v Herbert Slepoy Corp., 76 AD3d at 214). Accordingly, this Court applied a standard that was consistent with the burden-shifting standard described by the Court of Appeals in Groninger v Village of Mamaroneck (17 NY3d 125) and Yarborough v City of New York (10 NY3d 726), ultimately concluding that the moving defendant had met that burden (see Foster v Herbert Slepoy Corp., 76 AD3d at 214).
This Court's holding in Foster was entirely consistent with Groninger v Village of Mamaroneck (17 NY3d 125) and Yarborough v City of New York (10 NY3d 726) inasmuch as it actually applied the burden-shifting standard set forth by the Court of Appeals in those cases (see Foster v Herbert Slepoy Corp., 76 AD3d at 214). However, Foster contained broad language that was later used to justify the inconsistent case law from this Court that was already in existence at the time Foster was decided (see e.g. Braver v Village of Cedarhurst, 94 AD3d 933). Significantly, however, a careful reading of Foster demonstrates that this Court did not actually apply or approve of that inconsistent case law, as those cases were merely distinguished (see Foster v Herbert Slepoy Corp., 76 AD3d at 214).
To date, this Court has not elaborated on the reasoning underlying those decisions which hold that a defendant must disprove a pleaded exception to its own defense as a component of its prima facie case on a motion for summary judgment. The Court of Appeals has not cited to this Court's determination in Foster, used comparable language, or otherwise required a defendant to disprove an exception to its own defense in this context. In order to gain perspective on this issue, we revisit the foundational principles which form the basis of our summary judgment jurisprudence.
D. The Summary Judgment Standard
"A plaintiff moving for summary judgment on a cause of action asserted in a complaint generally has the burden of establishing, prima facie, 'all of the essential elements of the cause of action'" (Poon v Nisanov, 162 AD3d 804, 806, quoting Nunez v Chase Manhattan Bank, 155 AD3d 641, 643; see Stukas v Streiter, 83 AD3d 18, 23). "By contrast, a defendant moving for summary judgment dismissing one of the plaintiff's causes of action may generally sustain his or her prima facie burden 'by negating a single essential element' of that cause of action" (Poon v Nisanov, 162 AD3d at 806, quoting Nunez v Chase Manhattan Bank, 155 AD3d at 643; see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 136).
The operative language in Foster is similar to language employed by this Court in the context of professional malpractice actions. "The requisite elements of proof in either a medical or a dental malpractice action are a deviation or departure from accepted standards of practice, and evidence that such departure was a proximate cause of the plaintiff's injury" (Terranova v Finklea, 45 AD3d 572, 572). "Thus, on a motion for summary judgment, the defendant doctor or dentist has the initial burden of establishing the absence of any departure from good and accepted practice, or that the plaintiff was not injured by any departure" (id.). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (id.; see e.g. Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1044-1045; Grant v Hudson Val. Hosp. Ctr., 55 AD3d 874, 874; Ward v Engel, 33 AD3d 790, 791; Drago v King, 283 AD2d 603, 603-604).
However, a motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; see Zuckerman v City of New York, 49 NY2d 557, 562-563; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065; Stukas v Streiter, 83 AD3d at 22). Accordingly, while "a defendant . . . may generally sustain his or her prima facie burden by negating a single essential element of [a] cause of action" (Poon v Nisanov, 162 AD3d at 806 [internal quotation marks omitted]), a defendant may also establish a "defense" that compels the dismissal of a cause of action as a matter of law (CPLR 3212[b]). Accordingly, a defendant may establish its entitlement to judgment as a matter of law by proving an affirmative defense—e.g., statute of limitations, res judicata, or standing—without necessarily addressing all "the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d at 214; see CPLR 3212[b]).
Even in the medical malpractice context, a defendant that has successfully established that the action was untimely is not required to additionally "address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Terranova v Finklea, 45 AD3d at 572; cf. Wall v Flushing Hosp. Med. Ctr., 78 AD3d at 1044-1045; Grant v Hudson Val. Hosp. Ctr., 55 AD3d at 874; Ward v Engel, 33 AD3d at 791; Drago v King, 283 AD2d at 603-604). Generally, under such circumstances, once a complete defense to liability is established, prima facie, by the defendant, the burden shifts to the plaintiff to establish an exception to that defense (see e.g. Connell v Hayden, 83 AD2d 30, 39 [once a defendant established, prima facie, that an action was untimely, "a plaintiff relying upon an exception thereto has the burden of proving that he [or she] comes within the exception"]; Doyon v Bascom, 38 AD2d 645 ["While the burden of proving the affirmative defense of the Statute of Limitations rests on the party invoking it, a defendant asserting the statute need not negate any exceptions contained therein, the burden resting upon plaintiffs to aver facts showing the case at hand falls within such exceptions"]; Beattys v Straiton, 142 App Div 369, 375 ["it does not seem necessary to cite authority upon the proposition that one who claims under an exception must bring [them]self within it"]).
The Court of Appeals has indicated that the same principle applies in the prior written notice context: "Where the City establishes that it lacked prior written notice under [Administrative Code § 7-201(c)(2)], the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to [that defense]" (Yarborough v City of New York, 10 NY3d at 728; see Groninger v Village of Mamaroneck, 17 NY3d 125). Accordingly, and in view of the foregoing, "candor requires the admission that [this Court's] past decisions have lacked a precise consistency" on this issue (Miller v Miller, 22 NY2d 12, 15; see Stukas v Streiter, 83 AD3d at 30).
We therefore reiterate that where, as here, "the City establishes that it lacked prior written notice under [Administrative Code § 7-201(c)(2)], the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d at 728; see Groninger v Village of Mamaroneck, 17 NY3d at 129-130). Furthermore, we clarify that the burden-shifting standard set forth in Groninger and Yarborough is applicable even where, as here, the complaint alleged that the defendants created the allegedly dangerous condition (see Thompson v Nassau County, 200 AD3d at 825; Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d at 975; Lichtman v Village of Kiryas Joel, 90 AD3d at 1001; Forman v City of White Plains, 5 AD3d at 434-435). To the extent that this Court's case law conflicts with the burden-shifting standard set forth in Groninger or Yarborough, it should no longer be followed (see e.g. Braver v Village of Cedarhurst, 94 AD3d [*6]933).
E. Application of Law in This Case
Applying the correct standard here, the City sustained its initial burden on that branch of its motion which was for summary judgment dismissing the first cause of action. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City affirmatively created the allegedly dangerous condition. The expert affidavit proffered by the plaintiff was not supported by the record and, thus, was speculative and conclusory, and insufficient to raise a triable issue of fact (see Groninger v Village of Mamaroneck, 17 NY3d at 129; Choida v Schirripa, 188 AD3d 978, 979-980; Wagner v Parker, 172 AD3d 954, 955). Under the circumstances, those branches of the City's motion which were for summary judgment dismissing the first cause of action and all cross claims insofar as asserted against it should have been granted.
The Supreme Court properly granted those branches of the separate motions of Pirnie, WDF, and Picone which were for summary judgment dismissing the negligence causes of action asserted against each of them, i.e., the third, fifth, and seventh causes of action, respectively. "Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (Glover v John Tyler Enters., Inc., 123 AD3d at 882; see Espinal v Melville Snow Contrs., 98 NY2d at 138-139). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d at 140 [citations and internal quotation marks omitted]).
Here, Pirnie, WDF, and Picone each established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was not a party to their respective contracts, and that they owed her no duty of care (see Glover v John Tyler Enters., Inc., 123 AD3d at 882-883; Knox v Sodexho Am., LLC, 93 AD3d 642, 642-643; Henriquez v Inserra Supermarkets, Inc., 89 AD3d 899, 901; Foster v Herbert Slepoy Corp., 76 AD3d at 213). Once these defendants made their prima facie showing, "the burden shifted to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact as to the applicability of one or more of the [above] three . . . exceptions" (Foster v Herbert Slepoy Corp., 76 AD3d at 214; see CPLR 3212[b]; Zuckerman v City of New York, 49 NY2d at 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d at 1067). Contrary to the plaintiff's contentions, she failed to offer evidence sufficient to raise a triable issue of fact regarding any of these exceptions (see Henriquez v Inserra Supermarkets, Inc., 89 AD3d at 901).
The City's contention that the Supreme Court should not have granted those branches of the separate motions of Pirnie, WDF, and Picone which were for summary judgment dismissing the cross claims asserted by the City insofar as asserted against each of those defendants, is without merit.
III. Conclusion
The appeal from so much of the order as granted the separate motions of Pirnie and WDF for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against each of them, except those cross claims asserted by the City, and granted Picone's motion for summary judgment dismissing the amended complaint, all cross claims, the third-party complaint, and the amended second third-party complaint insofar as asserted against it, except those cross claims asserted by the City, is dismissed, as the City is not aggrieved by those portions of the order (see CPLR 5511; DiMilia v Hogarty, 182 AD3d 578, 579; Mixon v TBV, Inc., 76 AD3d 144, 156-157). The order is modified, on the law, by deleting the provision thereof denying those branches of the City's motion which were for summary judgment dismissing the first cause of action and all cross claims insofar as asserted against it, and substituting therefor a provision granting those branches of the motion, and, as so modified, the order is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from.
BRATHWAITE NELSON, J.P., ZAYAS and GENOVESI, JJ., concur.
ORDERED that the appeal from so much of the order as granted the separate motions of the defendant third-party plaintiff, Malcolm Pirnie, Inc., and the defendant second-third party plaintiff, WDF, Inc., for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against each of them, except those cross claims asserted by the defendant City of New York, and granted the motion of the defendant third-party defendant/second third-party [*7]defendant, John P. Picone, Inc., for summary judgment dismissing the amended complaint, all cross claims, the third-party complaint, and the amended second third-party complaint insofar as asserted against it, except those cross claims asserted by the defendant City of New York, is dismissed, as the defendant City of New York is not aggrieved by those portions of the order (see CPLR 5511; DiMilia v Hogarty, 182 AD3d 578, 579; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant City of New York which were for summary judgment dismissing the first cause of action and all cross claims insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant City of New York, the defendant third-party plaintiff, Malcolm Pirnie, Inc., the defendant second third-party plaintiff, WDF, Inc., and the defendant third-party defendant/second third-party defendant, John P. Picone, Inc., payable by the plaintiff.
ENTER:
Maria T. Fasulo
Clerk of the Court