Cross v Town of Hempstead (2022 NY Slip Op 06465)

Cross v Town of Hempstead

2022 NY Slip Op 06465

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-12241
 (Index No. 606522/15)

[*1]Kanzada Cross, appellant, 
v
Town of Hempstead, respondent.

Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Randy S. Nissan and Peter Sullivan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 10, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 2015, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on ice in a municipal parking lot owned and maintained by the defendant, Town of Hempstead. In her bill of particulars, the plaintiff alleged, inter alia, that the Town "created the condition." After issue was joined, the Town moved for summary judgment dismissing the complaint. In an order entered October 10, 2019, the Supreme Court granted the Town's motion. The plaintiff appeals.
"A municipality that has enacted a prior written notification law may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Such [prior written] notice is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474).
Here, in moving for summary judgment dismissing the complaint, the Town "met its burden of establishing that it did not receive prior written notice of the icy condition, thereby shifting . . . the burden of demonstrating either that a question of fact existed in that regard or that one of the Amabile exceptions applied" (Groninger v Village of Mamaroneck, 17 NY3d at 129; see Yarborough v City of New York, 10 NY3d 726, 728; O'Sullivan v City of Long Beach, ___ AD3d ___, 2022 NY Slip Op 05700 [2d Dept]; Smith v City of New York, ___ AD3d ___, 2022 NY Slip Op 05226 [2d Dept]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Town's snow removal operations affirmatively created the alleged icy condition that caused the plaintiff to fall (see Groninger v Village of Mamaroneck, 17 NY3d at 129; Smith v City of New York, ___ AD3d [*2]___, 2022 NY Slip Op 05226). Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court