O'Connor v City of Long Beach (2023 NY Slip Op 03702)

O'Connor v City of Long Beach

2023 NY Slip Op 03702

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-04303
2021-07368
 (Index No. 613647/17)

[*1]Bruce O'Connor, plaintiff-respondent,
v
City of Long Beach, appellant, Keyspan Gas East Corporation, etc., et al., defendants-respondents.

Dennis Cohen, Corporation Counsel, Long Beach, NY (Charles M. Geiger of counsel), for appellant.
The Gucciardo Law Firm, PLLC, Mineola, NY (Paul L. LaClair and Brett Silverberg of counsel), for plaintiff-respondent.
Hammill O'Brien Croutier Dempsey Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant City of Long Beach appeals from (1) an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered May 28, 2021, and (2) an order of the same court entered September 29, 2021. The order entered May 28, 2021, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The order entered September 29, 2021, insofar as appealed from, denied that branch of that defendant's motion which was for leave to renew its motion for summary judgment dismissing the complaint insofar as asserted against it, and, upon reargument, adhered to the determination in the order entered May 28, 2021.
ORDERED that the order entered May 28, 2021, is reversed, on the law, and the motion of the defendant City of Long Beach for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted; and it is further,
ORDERED that the appeal from the order entered September 29, 2021, is dismissed as academic in light of our determination on the appeal from the order entered May 28, 2021; and it is further,
ORDERED that one bill of costs is awarded to the defendant City of Long Beach payable by the respondents appearing separately and filing separate briefs.
In February 2017, the plaintiff allegedly slipped and fell on a sidewalk in the City of Long Beach. Thereafter, the plaintiff commenced this action against the City and the defendants Keyspan Gas East Corporation, doing business as National Grid, and National Grid USA Service Company, Inc., doing business as National Grid (hereinafter together the National Grid defendants). [*2]The plaintiff alleged, inter alia, that his fall was caused by a patch of sidewalk which was raised above the rest of the sidewalk, and that the City created the defective patch of sidewalk. The City moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order entered May 28, 2021, the Supreme Court denied the City's motion. Thereafter, the City moved for leave to reargue and renew its summary judgment motion. In an order entered September 29, 2021, the court denied that branch of the City's motion which was for leave to renew, and, upon reargument, adhered to its original determination. The City appeals.
"[A] defendant may establish its entitlement to judgment as a matter of law by proving an affirmative defense—e.g., statute of limitations, res judicata, or standing—without necessarily addressing all the allegations of liability made by the plaintiff in the pleadings" (Smith v City of New York, 210 AD3d 53, 68 [internal quotation marks omitted]; see CPLR 3212[b]). Where a municipality establishes that it lacked prior written notice under its prior written notification law, "the burden shifts to the [nonmovants] to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in . . . special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728; see Amabile v City of Buffalo, 93 NY2d 471, 474; Smith v City of New York, 210 AD3d at 62, 69). This burden-shifting standard "is applicable even where, as here, the complaint alleged that the defendants created the allegedly dangerous condition" (Smith v City of New York, 210 AD3d at 69).
Here, the City established its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against it by submitting an affidavit from its Acting Commissioner of Public Works, who averred that the City had no prior written notice of the alleged defect in the sidewalk as required by section 256A(1)(b) of the City's charter, thereby shifting the burden to the plaintiff and the National Grid defendants of raising a triable issue of fact as to the applicability of the affirmative negligence exception (see Yarborough v City of New York, 10 NY3d at 728; Parthesius v Town of Huntington, 210 AD3d 789, 791; Smith v City of New York, 210 AD3d at 69; O'Sullivan v City of Long Beach, 209 AD3d 757, 758). In opposition, the plaintiff and the National Grid defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
In light of our determination we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court