Onolfo v County of Nassau (2024 NY Slip Op 00195)

Onolfo v County of Nassau

2024 NY Slip Op 00195

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-05622
 (Index No. 612988/18)

[*1]Elizabeth Onolfo, appellant, 
v
County of Nassau, respondent.

Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated June 10, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the County of Nassau to recover damages for personal injuries she allegedly sustained when she stepped into a pothole in a roadway in the Village of Lynbrook. The County moved for summary judgment dismissing the complaint, contending, with respect to the pothole, that it lacked prior written notice of the alleged defect and that the alleged defect was open and obvious. In opposition, the plaintiff argued that the County failed to demonstrate a lack of prior written notice or that the alleged defect was trivial or open and obvious, and failed to address the allegation that the County created the pothole. The Supreme Court granted the motion. The plaintiff appeals.
Nassau County Administrative Code § 12-4.0(e) requires prior written notice of a roadway defect before a civil action may be maintained against the County for injuries sustained as a result of the defect. Generally, where, as here, a local government has enacted a prior written notice law, it cannot be held liable for a defect within the scope of the law absent the requisite prior written notice (see Amabile v City of Buffalo, 93 NY2d 471, 473-474; Beecher v County of Nassau, 210 AD3d 852, 853; Weinstein v County of Nassau, 180 AD3d 730, 731). Prior written notice may be "obviated where the plaintiff demonstrates that the [locality] 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the [locality]" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474). On a motion for summary judgment, where a locality establishes that it lacked prior written notice under its prior written notification law, the burden shifts to the plaintiff to demonstrate the applicability of a recognized exception to the rule (see Groninger v Village of Mamaroneck, 17 NY3d at 129; Yarborough v City of New York, 10 NY3d 726, 728). This burden-shifting standard "is applicable even where, as here, the complaint alleged that the defendants created the allegedly dangerous condition" (Smith v City of New York, 210 AD3d 53, 69; see O'Connor v City of Long Beach, 218 AD3d 482, 483).
Here, the County established, prima facie, that it did not have prior written notice of the alleged defect (see Beecher v County of Nassau, 210 AD3d at 853; Thompson v Nassau County, 200 AD3d 823, 825). In opposition, the plaintiff failed to raise a triable issue of fact (see Parthesius v Town of Huntington, 210 AD3d 789, 791; Smith v City of New York, 210 AD3d at 70).
The plaintiff's contention regarding the issue of constructive notice (see Highway Law § 139[2]) is improperly raised for the first time on appeal (see Koziar v Grand Palace Rest., 125 AD3d 607, 608; Perlongo v Park City 3 & 4 Apts., Inc., 31 AD3d 409, 411).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court