Grady v Town of Hempstead (2024 NY Slip Op 00411)

Grady v Town of Hempstead

2024 NY Slip Op 00411

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-03479
 (Index No. 613218/17)

[*1]Judith A. Grady, et al., appellants, 
v
Town of Hempstead, defendant, County of Nassau, respondent.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Liss M. Mendez], of counsel), for appellants.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Julie L. Gross of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered April 21, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Judith A. Grady (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action against the defendant County of Nassau, and another defendant, inter alia, to recover damages for personal injuries that the injured plaintiff allegedly sustained when she tripped and fell on a raised portion of sidewalk located near her place of employment in Hempstead. The plaintiffs alleged, among other things, that the County negligently maintained the sidewalk and affirmatively created the alleged defect.
Following the completion of discovery, the County moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it on the ground that it did not receive prior written notice of the alleged defect pursuant to Nassau County Administrative Code § 12-4.0(e). In an order entered April 21, 2020, the Supreme Court, inter alia, granted that branch of the County's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. The plaintiffs appeal.
"When a municipality has adopted a prior written notice law, the municipality 'cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies'" (Schaum v City of New York, 216 AD3d 691, 691, quoting Sanon v MTA Long Is. R.R., 203 AD3d 773, 775; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Where such a local law is in effect, '[p]rior written notice of a defective condition is a condition precedent to maintaining an action against a municipality'" (Schaum v City of New York, 216 AD3d at 691, quoting Schiller v Town of Ramapo, 202 AD3d 1022, 1022). "To be entitled to summary [*2]judgment, the municipality must first establish that it lacked prior written notice of the alleged defect" (Schaum v City of New York, 216 AD3d at 692; see Smith v City of New York, 210 AD3d 53, 69). Upon that showing, "'the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality'" (Smith v City of New York, 210 AD3d at 62, quoting Yarborough v City of New York, 10 NY3d 726, 728; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130).
Here, the County established, prima facie, that it did not receive prior written notice of the alleged defect by submitting, among other things, an affidavit from an employee of the Office of the Nassau County Attorney Bureau of Claims and Investigations, who averred that a records search failed to reveal any prior written notice of a defective condition at the subject location for a period of six years prior to and including the date of the accident (see Schaum v City of New York, 216 AD3d at 691; Gunnells v Town of Brookhaven, 213 AD3d 744, 744-745).
The burden then shifted to the plaintiffs to raise a triable issue of fact as to the applicability of the affirmative negligence or special use exceptions to the prior written notice rule (see Yarborough v City of New York, 10 NY3d at 728; Schaum v City of New York, 216 AD3d at 691; Smith v City of New York, 210 AD3d at 69). In opposition, however, the plaintiffs failed to raise a triable issue of fact as to either of the two exceptions (see Schaum v City of New York, 216 AD3d at 691; Smith v City of New York, 210 AD3d at 69).
The parties' remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted that branch of the County's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court