Leblanc v City of New York (2025 NY Slip Op 04894)

Leblanc v City of New York

2025 NY Slip Op 04894

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-01864
 (Index No. 516744/16)

[*1]Magdala Leblanc, respondent,
vCity of New York, appellant, et al., defendants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Susan Paulson and Janet L. Zaleon of counsel), for appellant.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated October 26, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained injuries when her foot was caught in a gap between a sidewalk extension, serving the Nostrand Avenue Select Bus Service, and an adjacent sidewalk, which were located in Brooklyn. The plaintiff filed a notice of claim against the defendant City of New York and subsequently commenced this action against, among others, the City. After discovery was completed, the City moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated October 26, 2022, the Supreme Court denied the City's motion. The City appeals.
A party moving for summary judgment has the initial burden to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 86 NY2d 320, 324; Morejon v New York City Tr. Auth., 216 AD3d 134, 136). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Defendants may sustain their initial burden by negating a single essential element of the cause of action against them or by establishing a defense that compels dismissal of the cause of action as a matter of law (see Smith v City of New York, 210 AD3d 53, 68; Poon v Nisanov, 162 AD3d 804, 806). "Where a locality has enacted a prior notification law and is alleged to be liable for personal injuries sustained as a result of a defective condition, the locality establishes a defense as a matter of law by demonstrating that it did not receive prior written notice of the defective condition" (Smith v City of New York, 210 AD3d at 55). "Administrative Code of the City of New York § 7-201(c) 'limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been [*2]actually notified exist at a specified location'" (Nieves v City of New York, 216 AD3d 800, 800-801, quoting Katz v City of New York, 87 NY2d 241, 243).
Here, the City failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. Contrary to the City's contention, the notice of claim fairly implied the theory of negligent design and construction (see Ruark v City of Glen Cove, 164 AD3d 1492, 1494; Puello v New York City Hous. Auth., 150 AD3d 1164, 1165). Furthermore, under the circumstances, the City failed to meet its initial burden to show that it lacked prior written notice of the defect (cf. Smith v City of New York, 210 AD3d at 55). The evidence proffered showed that certain records related to construction and maintenance of the subject area were not included in the databases searched, and the City failed to search the records of the agency responsible.
The City's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the City's motion for summary judgment dismissing the complaint insofar as asserted against it regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court