Carrozzi v Village of Sag Harbor (2025 NY Slip Op 05495)

Carrozzi v Village of Sag Harbor

2025 NY Slip Op 05495

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-00504
 (Index No. 1872/16)

[*1]Angela Carrozzi, appellant, 
v
Village of Sag Harbor, respondent, et al., defendant.

Law Offices of Frederick W. Altschuler, PLLC, Garden City, NY (Daniel P. Trunk of counsel), for appellant.
Volz & Vigliotta, PLLC, Nesconset, NY (David H. Arntsen of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated November 15, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Village of Sag Harbor which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 5, 2015, the plaintiff allegedly was injured when she stumbled on the concrete base of a lamppost on a sidewalk located in the Village of Sag Harbor. Thereafter, the plaintiff commenced this action against the Village, which was later consolidated with a related action against the Town of East Hampton. The Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not have prior written notice of the alleged defective condition. In an order dated November 15, 2022, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
"A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Factor v Town of Islip, 134 AD3d 984, 985 [internal quotation marks omitted]). "To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect" (Douglas v City of Mount Vernon, N.Y., 226 AD3d 973, 974). Where the municipality establishes that it lacked prior written notice, "the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Smith v City of New York, 210 AD3d 53, 69 [internal quotation marks omitted]). This burden-shifting standard "is applicable even where, as here, the complaint alleged that the defendants created the allegedly dangerous condition" (id.). "Alternatively, a plaintiff may raise a triable issue of fact regarding whether the municipality did, in fact, have prior written notice of the alleged defective condition" (Douglas v City of Mount Vernon, N.Y., 226 AD3d at 974 [internal quotation marks omitted]).
Here, the Village established, prima facie, that it did not have prior written notice of the alleged defective condition (see Onolfo v County of Nassau, 223 AD3d 749, 750; Smith v City of New York, 210 AD3d at 69). In opposition, the plaintiff failed to raise a triable issue of fact (see Onolfo v County of Nassau, 223 AD3d at 750). Furthermore, the plaintiff failed to demonstrate the applicability of the exception to the prior written notice rule that the municipality affirmatively created the defect through an act of negligence (see Goodman v City of New York, 230 AD3d 1115, 1117-1118; Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 872).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court