In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Bunyan, J), entered August 10, 2010, which, upon the denial of their motion pursuant to CFLR 4401 for judgment as a matter of law made at the close of the plaintiffs case at a trial on the issue of damages, upon a jury verdict on the issue of damages finding that the plaintiff sustained a serious injury under the “significant limitation” and “permanent consequential limitation” categories of Insurance Law § 5102 (d) and that the plaintiff sustained damages in the sums of $100,000 for past pain and suffering and $100,000 for future pain and suffering, and upon the denial of their motion pursuant to CFLR 4404 (a) to set aside the verdict, is in favor of the plaintiff and against the defendants in the principal sum of $200,000, representing awards of $100,000 for past pain and suffering and $100,000 for future pain and suffering.
Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, *636 Kings County, a written stipulation consenting to reduce the amount of damages for past pain and suffering from the sum of $100,000 to the sum of $40,000, and to reduce the amount of damages for future pain and suffering from the sum of $100,000 to the sum of $75,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff alleges that she sustained serious injuries as defined by Insurance Law § 5102 (d), under the categories of “significant limitation of use of a body function or system” and “permanent consequential limitation of use of a body organ or member,” as a result of a car accident in which she was struck by a vehicle owned by the defendant Robert Ellington and driven by the defendant Remy A. Dahbali.
After the close of the plaintiffs proof at the ensuing trial on damages, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law on the ground that the plaintiff failed to establish a prima facie case on the issue of serious injury. The Supreme Court denied the motion. Thereafter, the jury returned a verdict finding that the plaintiff had sustained a serious injury and awarding the plaintiff compensation for past and future pain and suffering. The defendant then moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or as contrary to the weight of the evidence and for a new trial, which motion was denied.
A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only “where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party” (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Hamilton v Rouse, 46 AD3d 514, 516 [2007]; Tapia v Dattco, Inc., 32 AD3d 842, 844 [2006]). Here, viewing the evidence in the light most favorable to the plaintiff, and affording her every inference which may properly be drawn from the facts presented (see Szczerbiak v Pilat, 90 NY2d at 556), a rational jury could have found that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).
Further, a jury verdict in favor of a plaintiff should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the defendant’s favor that the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Nicastro v Park, 113 AD2d 129, 134 [1985]). “ Tt is for the jury to make determinations as to the credibility of the *637 witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses’ ” (Jean-Louis v City of New York, 86 AD3d 628, 629 [2011], quoting Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]). Here, the jury’s verdict was based upon a fair interpretation of the evidence. The plaintiffs treating doctor offered objective quantitative proof as to the extent of the plaintiffs physical limitations, designating a numeric percentage of her loss of range of motion (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Dufel v Green, 84 NY2d 795, 798 [1995]). These quantitative findings, made during examinations conducted shortly after the accident and approximately three years later, adequately demonstrated that the plaintiff suffered a significant limitation of use of a body function or system, both in the degree of limitation and its duration (cf. Estrella v GEICO Ins. Co., 102 AD3d 730 [2013]).
Nonetheless, under the circumstances of this case, the award of damages deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501 [c]).
The defendants’ remaining contentions are without merit or academic in light of our determination. Skelos, J.P, Balkin, Dickerson and Hinds-Radix, JJ., concur.