Manning v Bassi (2021 NY Slip Op 04015)





Manning v Bassi


2021 NY Slip Op 04015


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-08857
 (Index No. 101654/14)

[*1]Camille Manning, appellant, 
v
Barbara R. Bassi, respondent.


Chelli & Bush (Laurel A. Wedinger, Staten Island, NY, of counsel), for appellant.
Law Offices of Dennis C. Bartling (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Philip S. Straniere, J.), dated June 19, 2017. The order granted the defendant's oral application, in effect, pursuant to CPLR 4401, made at the close of the plaintiff's case at a jury trial on the issue of damages, for judgment as a matter of law dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, the defendant's oral application, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the issue of damages; and it is further,
ORDERED that the plaintiff is awarded one bill of costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained as the result of a motor vehicle accident. The action proceeded to a jury trial on the issue of damages. At the close of the plaintiff's case, the Supreme Court granted the defendant's oral application, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The plaintiff appeals.
"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Caliendo v Ellington, 104 AD3d 635, 636, quoting Szczerbiak v Pilat, 90 NY2d 553, 556). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 [*2]NY2d at 556).
Here, based on the evidence adduced by the plaintiff at trial, there was a valid line of reasoning and permissible inferences from which the jury could have concluded that the plaintiff sustained a serious injury to the cervical region of her spine, and that this injury was caused by the subject accident (see Perl v Meher, 18 NY3d 208, 218-219; Cicola v County of Suffolk, 120 AD3d 1379, 1381; see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957). Thus, the Supreme Court should have denied the defendant's oral application, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.
Accordingly, we reverse the order, and remit the matter to the Supreme Court, Richmond County, for a new trial on the issue of damages.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court