Wilson v Incorporated Vil. of Freeport (2023 NY Slip Op 00349)

Wilson v Incorporated Vil. of Freeport

2023 NY Slip Op 00349

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-14449
 (Index No. 606167/18)

[*1]Valentine Wilson, appellant, 
v
Incorporated Village of Freeport, respondent.

Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn, Christen Giannaros, and Nicholas S. Bruno], of counsel), for appellant.
Gallo Vitucci Klar LLP, Woodbury, NY (Marc Pottak and Nicholas Vevante of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered December 18, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell on broken, cracked, uneven, raised, and missing asphalt near the exit of Northeast Park in the Incorporated Village of Freeport. The plaintiff commenced this action against the Village to recover damages for her injuries, alleging, among other things, that the Village negligently maintained the premises and that it affirmatively created the dangerous condition. The Village moved for summary judgment dismissing the complaint on the ground that it had no prior written notice of the alleged defect, as required by the Code of the Village of Freeport § 27-3. In an order entered December 18, 2019, the Supreme Court granted the Village's motion, and the plaintiff appeals.
"A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Barnes v Incorporated Vil. of Port Jefferson, 120 AD3d 528, 529; see Amabile v City of Buffalo, 93 NY2d 471, 474; Boorman v Town of Tuxedo, 204 AD3d 742, 743). One such exception exists where the municipality affirmatively created the defect through an act of negligence (see Yarborough v City of New York, 10 NY3d 726, 728; Amabile v City of Buffalo, 93 NY2d at 474). The affirmative negligence exception is limited to work done by a municipality "that immediately results in the existence of a dangerous condition" (Oboler v City of New York, 8 NY3d 888, 889 [internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d at 728; DeCaprariis-Salerno v Incorporated Vil. of Rockville Ctr., 201 AD3d 874, 874-875). Even if a municipality performs a negligent repair, "where the defect develops over time with environmental wear and tear, the affirmative negligence exception is inapplicable" (Diaz v City of New York, 56 AD3d 599, 601; see Yarborough v City of New York, 10 NY3d at 728; Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975-976).
Here, as the plaintiff concedes, the Village established that it lacked prior written [*2]notice of the alleged defect under the Code of the Village of Freeport. Based on prior decisions of this Court, the plaintiff contends that, since her pleadings alleged that the Village affirmatively created the alleged defect that caused her to fall, the Village was required to further demonstrate, as part of its prima facie showing, that it did not affirmatively create the defect, and that the Village failed to make such a showing. This Court, however, has recently disavowed the decisions on which the plaintiff relies, holding that, even where an exception to the prior written notice defense is pleaded by the plaintiff, a municipal defendant need only demonstrate that it lacked prior written notice of the alleged defect in order to establish its prima facie entitlement to summary judgment (see Smith v City of New York, 210 AD3d 53, 69). Since the Village made such a showing here, the burden shifted to the plaintiff to raise a triable issue of fact as to the applicability of the affirmative negligence exception (see id. at 69; see also Groninger v Village of Mamaroneck, 17 NY3d 125, 129; Yarborough v City of New York, 10 NY3d at 728).
The plaintiff's contention that the Village affirmatively created the alleged defect when it installed the subject asphalt is speculative (see Loghry v Village of Scarsdale, 149 AD3d 714, 716; Quiroz v Incorporated Vil. of Cedarhurst, 31 AD3d 624). Further, the plaintiff did not identify any evidence tending to show that the Village conducted work in the subject area which immediately resulted in the creation of the alleged defect (see Smith v City of Mount Vernon, 101 AD3d 847, 848; cf. Martin v City of New York, 191 AD3d 152, 155). Thus, the plaintiff failed to raise a triable issue of fact as to whether the Village affirmatively created the alleged defect through an act of negligence (see Wolin v Town of N. Hempstead, 129 AD3d 833, 836).
Accordingly, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court