Gunnells v Town of Brookhaven (2023 NY Slip Op 00653)

Gunnells v Town of Brookhaven

2023 NY Slip Op 00653

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2021-07205
 (Index No. 613500/19)

[*1]Cynthia Gunnells, et al., respondents,
v
Town of Brookhaven, appellant, et al., defendant.

Annette Eaderesto, Town Attorney, Farmingville, NY (John W. Doyle of counsel), for appellant.
Stephen Bilkis & Associates, PLLC (Lasky & Steinberg, P.C., Garden City, NY [Sean Lasky], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 14, 2021. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the defendant Town of Brookhaven's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.
In August 2018, the plaintiff Cynthia Gunnells (hereinafter the injured plaintiff) allegedly was injured when she tripped on a depressed storm drain cap on a cement walkway between 79 and 78 Bayview Avenue in Ocean Bay Park. The injured plaintiff, and her wife suing derivatively, commenced this personal injury action against the Town of Brookhaven and another defendant. In their bill of particulars, the plaintiffs alleged, inter alia, that the Town "created" the condition. The Town moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated September 14, 2021, the Supreme Court denied the Town's motion. The Town appeals.
"A municipality that has enacted a prior written notification law may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Such [prior written] notice is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474).
Here, the Town met its burden of establishing that it did not receive prior written [*2]notice of the alleged defective condition, thereby shifting to the plaintiffs the burden of demonstrating either that a question of fact existed in that regard or that one of the Amabile exceptions applied (see Groninger v Village of Mamaroneck, 17 NY3d at 129; Yarborough v City of New York, 10 NY3d 726, 728; Smith v City of New York, 210 AD3d 53; O'Sullivan v City of Long Beach, 209 AD3d 757, 758). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the Town affirmatively created the alleged condition that caused the injured plaintiff to fall (see Groninger v Village of Mamaroneck, 17 NY3d at 129; Smith v City of New York, 210 AD3d 53).
Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it.
The Town's remaining contention is not properly before this Court, as it was raised for the first time in its reply papers (see Zarabi v Movahedian, 136 AD3d 895, 896; Leavy v Merriam, 133 AD3d 636, 638; Poveromo v Kelley-Amerit Fleet Servs., Inc., 127 AD3d 1048, 1049).
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court