Canaday v Village of Wappingers Falls (2023 NY Slip Op 05116)

Canaday v Village of Wappingers Falls

2023 NY Slip Op 05116

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-04599
 (Index No. 51623/19)

[*1]Cynthia Canaday, appellant, 
v
Village of Wappingers Falls, respondent.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
McGivney, Kluger, Clark & Intoccia, P.C. (Gary J. Intoccia and Gerber Ciano Kelly Brady, LLP, Garden City, NY [Brendan T. Fitzpatrick and Brian W. McElhenny], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated June 8, 2022. The order granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained when she tripped and fell on a corner sidewalk ramp, which she contended was too steep. The defendant moved for summary judgment dismissing the amended complaint. In an order dated June 8, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
When a municipality has adopted a prior written notice law, the municipality "cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Sanon v MTA Long Is. R.R., 203 AD3d 773, 775). Where such a local law is in effect, "[p]rior written notice of a defective condition is a condition precedent to maintaining an action against a municipality" (Schiller v Town of Ramapo, 202 AD3d 1022, 1022). To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect (see Smith v City of New York, 210 AD3d 53, 69). Once that showing is made, "'the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality'" (id. at 62, quoting Yarborough v City of New York, 10 NY3d 726, 728; see Amabile v City of Buffalo, 93 NY2d 471, 474; Schaum v City of New York, 216 AD3d 691, 692).
Here, the defendant met its burden of establishing that it did not receive prior written notice of the alleged defective condition, thereby shifting to the plaintiff the burden of demonstrating either that a question of fact existed in that regard or that one of the recognized exceptions applied (see Village of Wappingers Falls Code § 132-5; Kolenda v Incorporated Vil. of Garden City, 215 [*2]AD3d 647; Gunnells v Town of Brookhaven, 213 AD3d 744, 745; see also Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant affirmatively created the alleged condition that caused the plaintiff to fall (see Yarborough v City of New York, 10 NY3d at 728).
In light of our determination, we need not reach the merits of the defendant's remaining contention.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the amended complaint.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court