Walker v City of Newburgh (2023 NY Slip Op 06401)

Walker v City of Newburgh

2023 NY Slip Op 06401

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-07161
 (Index No. 2219/20)

[*1]Janet Walker, plaintiff, 
v
City of Newburgh, respondent, Central Hudson Gas and Electric Corporation, appellant, et al., defendants.

Cook, Kurtz & Murphy, P.C., Kingston, NY (Eric M. Kurtz and John Burns of counsel), for appellant.
Hodges, Walsh & Burke, LLP, New York, NY (Paul E. Svensson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Central Hudson Gas and Electric Corporation appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated August 4, 2022. The order granted the motion of the defendant City of Newburgh for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant City of Newburgh which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendant Central Hudson Gas and Electric Corporation is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant City of Newburgh.
The plaintiff commenced this action against, among others, the defendant City of Newburgh and the defendant Central Hudson Gas and Electric Corporation (hereinafter the CHGEC) to recover damages for personal injuries that she allegedly sustained on June 5, 2019, when she tripped and fell on a pothole. In an order dated August 4, 2022, the Supreme Court granted the City's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The CHGEC, which alone asserted cross-claims against the City for common-law indemnification and contribution, appeals.
When a municipality has adopted a prior written notice law, the municipality "cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Sanon v MTA Long Is. R.R., 203 AD3d 773, 775). Where such a local law is in effect, "[p]rior written notice of a defective condition is a condition precedent to maintaining an action against a municipality" (Schiller v Town of Ramapo, 202 AD3d 1022, 1022). To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect (see Smith v City of New York, 210 AD3d 53, 69). Once that showing is made, "'the burden shifts to the plaintiff to demonstrate the applicability of one of two [*2]recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality'" (id. at 62, quoting Yarborough v City of New York, 10 NY3d 726, 728; see Amabile v City of Buffalo, 93 NY2d 471, 474; Schaum v City of New York, 216 AD3d 691, 692; Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871-872).
Here, by submitting, inter alia, the affidavit of the City Clerk, who is the repository for prior written notices of defect-related complaints, the City established, prima facie, that it did not have prior written notice of the alleged defect in the street (see City of Newburgh Charter § C6.45; Kolenda v Incorporated Vil. of Garden City, 215 AD3d 647, 648; Gunnells v Town of Brookhaven, 213 AD3d 744, 745).
In opposition, the CHGEC failed to raise a triable issue of fact as to whether the City affirmatively created the alleged pothole. Contrary to the CHGEC's contention, the motion was not premature. The CHGEC failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the City (see CPLR 3212[f]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760; see Race v Village of Brewster, 185 AD3d 1071).
Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the cross-claims asserted against it.
BRATHWAITE NELSON, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court