McConnell v County of Nassau (2024 NY Slip Op 03041)

McConnell v County of Nassau

2024 NY Slip Op 03041

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2021-00310
 (Index No. 605116/14)

[*1]Joseph McConnell, respondent,
v
County of Nassau, appellant, et al., defendant.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Jackie L. Gross of counsel), for appellant.
Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant County of Nassau appeals from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), dated December 18, 2020. The judgment, upon, inter alia, the denial of that defendant's oral application, in effect, pursuant to CPLR 4401, made at the close of the plaintiff's case and, in effect, renewed at the close of the evidence on the issue of liability, for judgment as a matter of law dismissing the complaint insofar as asserted against that defendant, upon a jury verdict in favor of the plaintiff and against that defendant on the issue of liability, and upon the denial of that defendant's oral application, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against that defendant, is in favor of the plaintiff and against that defendant in the principal sum of $170,000.
ORDERED that the judgment is reversed, on the law, with costs, the oral application of the defendant County of Nassau, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it is granted, and the complaint is dismissed insofar as asserted against that defendant.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on July 4, 2013, when he slipped and fell on a pool deck at premises owned by the defendant County of Nassau. The action proceeded to a bifurcated jury trial. The plaintiff's theory of liability at trial was that he slipped and fell on a defective painted depth marker, which was a sign painted onto the pool deck indicating the depth of the water at that location. The plaintiff testified at trial that, after he fell, he stood up and ran his foot along the painted area and it felt like "a sheet of ice." The evidence adduced at trial showed that depth markers were applied to the pool deck by the County between 2006 and 2008 using a mixture of sand and paint. Specifically, a maintenance worker employed by the County testified that the depth markers were painted onto the pool deck and beach sand was then added to the paint to make the depth markers coarse. After the paint dried, the depth markers were painted with black spray paint. At trial, the plaintiff's expert testified, among other things, that the County's method of sprinkling sand on top of the paint was not the safest way to paint the depth markers because this practice did not ensure equal distribution [*2]of the sand or that the sand would remain permanently on the paint. The plaintiff's expert testified that the best method of painting the depth markers was utilizing a paint that already had sand mixed into the paint.
At the close of the plaintiff's case on the issue of liability, the County made an oral application, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it. The Supreme Court denied the application. The County, in effect, renewed its application at the close of evidence on the issue of liability, contending that the County did not receive prior written notice of the alleged dangerous condition and that there was no evidence that the County affirmatively created the condition. The court reserved decision on that application. At the conclusion of the trial on the issue of liability, the jury returned a verdict, finding that the County was negligent and that its negligence was a substantial factor in causing the accident. Thereafter, the County made an oral application, in effect, pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against it. The court denied the application. After a jury returned a verdict in favor of the plaintiff and against the County on the issue of damages, the court issued a judgment in favor of the plaintiff and against the County in the principal sum of $170,000. The County appeals.
"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Caliendo v Ellington, 104 AD3d 635, 636, quoting Szczerbiak v Pilat, 90 NY2d 553, 556; see Manning v Bassi, 195 AD3d 923, 923-924). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 NY2d at 556; see Manning v Bassi, 195 AD3d at 924).
Where, as here, a municipality has adopted a prior written notice law (see Nassau County Administrative Code § 12-4.0[e]), it cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474; Barnes v Inc. Vil. of Port Jefferson, 120 AD3d 528, 529). One such exception exists where the municipality affirmatively created the defect through an act of negligence (see Yarborough v City of New York, 10 NY3d 726, 728; Amabile v City of Buffalo, 93 NY2d at 474; Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871). The affirmative negligence exception is limited to work done by a municipality "that immediately results in the existence of a dangerous condition" (Oboler v City of New York, 8 NY3d 888, 889 [internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d at 728; Wilson v Incorporated Vil. of Freeport, 212 AD3d at 871). Even if a municipality performs a negligent repair, "where the defect develops over time with environmental wear and tear, the affirmative negligence exception is inapplicable" (Diaz v City of New York, 56 AD3d 599, 601; see Yarborough v City of New York, 10 NY3d at 728; Wilson v Incorporated Vil. of Freeport, 212 AD3d at 871).
Here, it is undisputed that the County was not provided with prior written notice of the alleged dangerous condition of the depth marker. Further, upon the evidence presented at trial, there was no rational process by which the jury could base a finding in favor of the plaintiff on the theory that the County affirmatively created a dangerous or defective condition through an act of negligence. The evidence at trial demonstrated that the depth markers were applied to the pool deck between 2006 and 2008, a minimum of five years before the plaintiff's accident in July 2013. Although the plaintiff's expert testified at trial that the County's method of applying the depth markers was inferior to the practice of using a paint that already contained sand, the plaintiff failed to present any evidence demonstrating that the County's application of the depth markers on the pool deck immediately resulted in the existence of a dangerous condition (see Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; Loghry v Village of Scarsdale, 149 AD3d 714, 716; Diaz v City of New York, 56 AD3d at 601; cf. Schiller v Town of Ramapo, 202 AD3d 1022, 1023). Moreover, the plaintiff's expert acknowledged that the depth markers were susceptible to environmental wear and tear (see Yarborough v City of New York, 10 NY3d at 728). The plaintiff's expert's testimony indicated that over time, weather conditions, such as rain, could cause the sand [*3]in the paint to degrade and that the depth markers should have been repainted approximately every two to three years. The plaintiff's evidence at trial, at most, established that environmental effects over time created the alleged dangerous condition, which was insufficient to impose liability on the County (see Loghry v Village of Scarsdale, 149 AD3d at 716).
Accordingly, the Supreme Court should have granted the County's oral application, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court