Goodman v City of New York (2024 NY Slip Op 04377)

Goodman v City of New York

2024 NY Slip Op 04377

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-09919
 (Index No. 512547/18)

[*1]Doris Goodman, appellant, 
v
City of New York, respondent.

Subin Associates, LLP (Robert J. Eisen and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Greg Freedman], of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Josh Liebman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated October 26, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability and granted the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On December 2, 2017, the plaintiff allegedly tripped and fell as a result of a depression abutting a manhole cover situated in a roadway in Brooklyn. After serving a timely notice of claim, the plaintiff commenced this action against the defendant to recover damages for personal injuries allegedly sustained in the fall. The plaintiff thereafter moved for summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the complaint. By order dated October 26, 2022, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
"Administrative Code of the City of New York § 7-201(c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Smith v City of New York, 210 AD3d 53, 61 [internal quotation marks omitted]). "When a municipality has adopted a prior written notice law, the municipality cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies. Where such a local law is in effect, prior written notice of a defective condition is a condition precedent to maintaining an action against a municipality" (Walker v City of Newburgh, 222 AD3d 809, 810 [citation, alterations, and internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 473-476). "Such laws reflect a legislative judgment to modify the duty of care owed by a locality in order to address the vexing problem of municipal street and sidewalk liability when it has no reasonable opportunity to remedy the problem" (Smith v City of New York, 210 AD3d at 61 [internal quotation marks, citations, and alterations omitted]). "To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect. Once that showing is made, the burden shifts to the plaintiff to demonstrate the applicability [*2]of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Canaday v Village of Wappingers Falls, 220 AD3d 731, 732 [citation and internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d 726, 728). "The affirmative negligence exception is limited to work done by a municipality 'that immediately results in the existence of a dangerous condition'" (Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871, quoting Oboler v City of New York, 8 NY3d 888, 889). "Even if a municipality performs a negligent repair, where the defect develops over time with environmental wear and tear, the affirmative negligence exception is inapplicable" (id. [internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d at 728).
Here, as the plaintiff concedes, the defendant established, prima facie, that it did not have prior written notice of the alleged roadway defect (see Walker v City of Newburgh, 222 AD3d at 810; Wilson v Incorporated Vil. of Freeport, 212 AD3d at 871). The plaintiff also concedes that the special use exception is inapplicable (see Yarborough v City of New York, 10 NY3d at 728). To the extent the plaintiff contends that the defendant, in order to establish its prima facie entitlement to judgment as a matter of law, was required to demonstrate that it did not create the alleged defect through an affirmative act of negligence, the plaintiff has misstated the applicable law (see Canaday v Village of Wappingers Falls, 220 AD3d at 732; Smith v City of New York, 210 AD3d at 69-70). Moreover, contrary to the plaintiff's contention, she failed to raise a triable issue of fact as to whether the defendant affirmatively created the alleged defect (see Canaday v Village of Wappingers Falls, 220 AD3d at 732; Augustine v Town of Islip, 28 AD3d 503, 503). The plaintiff's assertion that the defendant performed asphalt repair work at the location of the alleged defect—based solely on Google Street View images depicting the area over time—was inherently speculative (see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130; Smith v City of New York, 210 AD3d at 70). In any event, even assuming that the plaintiff's expert demonstrated that the defendant performed such work in or around 2014, the expert opined, in effect, that the alleged defect "developed over time with environmental wear and tear" (Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 976 [internal quotation marks omitted]; see Parthesius v Town of Huntington, 210 AD3d 789, 791). The plaintiff's submissions failed to "identify any evidence tending to show that" work purportedly performed by the defendant "immediately resulted in the creation of the alleged defect" (Wilson v Incorporated Vil. of Freeport, 212 AD3d at 872). Further, the plaintiff's contention that the defendant affirmatively created the defect by failing to remedy it is without merit, since "[t]he mere failure to maintain or repair a roadway constitutes an act of omission rather than an affirmative act of negligence" (Farrell v City of New York, 49 AD3d 806, 808).
For the same reasons, the plaintiff failed to demonstrate her prima facie entitlement to judgment as a matter of law on the issue of liability, as she did not demonstrate that the defendant "affirmatively created the defect through an act of negligence" (Canaday v Village of Wappingers Falls, 220 AD3d at 732 [internal quotation marks omitted]; see Pezzolla v Family Fruit 2, Inc., 220 AD3d 897, 898). As a result, the burden never shifted to the defendant to raise a triable issue of fact (see Hanus v Long Is. Rail Rd., 186 AD3d 679, 682).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability and properly granted the defendant's cross-motion for summary judgment dismissing the complaint.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court