Callaghan v County of Nassau (2025 NY Slip Op 01340)

Callaghan v County of Nassau

2025 NY Slip Op 01340

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-01959
 (Index No. 616612/18)

[*1]Robert Callaghan, appellant, 
v
County of Nassau, defendant, Town of Hempstead, et al., respondents.

The Barnes Firm, Garden City, NY (Martha M. Pigott and Michael H. Zhu of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Randy S. Nissan and George Pfluger of counsel), for respondents Town of Hempstead and Town of Hempstead Department of Highways.
Gallo Vitucci Klar LLP, New York, NY (Nate Drexler of counsel), for respondent Stasi Brothers Asphalt Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered March 3, 2021. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Town of Hempstead and Town of Hempstead Department of Highways and the defendant Stasi Brothers Asphalt Corp. which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Stasi Brothers Asphalt Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendant Stasi Brothers Asphalt Corp., and one bill of costs to the defendants Town of Hempstead and Town of Hempstead Department of Highways, payable by the plaintiff.
The plaintiff commenced this action against the Town of Hempstead and the Town of Hempstead Department of Highways (hereinafter together the Town defendants), Stasi Brothers Asphalt Corp. (hereinafter Stasi), and another defendant, to recover damages for personal injuries that he allegedly sustained when he stepped on a section of sidewalk abutting a catch basin located near his home in Hempstead, and the sidewalk beneath him crumbled. The plaintiff alleged, among other things, that the Town defendants and Stasi, a contractor employed by the Town defendants, negligently repaired the sidewalk and affirmatively created the defect.
The Town defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that they did not receive prior written notice of the alleged defect and that no exception to the written notice requirement applied under the [*2]circumstances. Stasi separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not create the alleged defect. In an order entered March 3, 2021, the Supreme Court, inter alia, granted those branches of the separate motions of the Town defendants and Stasi. The plaintiff appeals.
"Prior written notice of a defective condition is a condition precedent to maintain an action against a municipality where, as here, there is a local law requiring such notice" (Schiller v Town of Ramapo, 202 AD3d 1022, 1022). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (Gonzalez v Town of Hempstead, 124 AD3d 719, 720 [internal quotation marks omitted]; see Kolenda v Incorporated Vil. of Garden City, 215 AD3d 647, 649-650). In other words, "[a]ctual notice of the alleged hazardous condition does not override the statutory requirement of prior written notice of a sidewalk defect" (Gonzalez v Town of Hempstead, 124 AD3d at 720 [internal quotation marks omitted]).
"Where a municipality establishes that it lacked prior written notice under a prior written notice statute, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule——that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Sanchez v County of Nassau, 222 AD3d 685, 686 [internal quotation marks omitted]). "The affirmative negligence exception is limited to work done by a municipality that immediately results in the existence of a dangerous condition" (Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871 [emphasis and internal quotation marks omitted]). Thus, "[e]ven if a municipality performs a negligent repair, where the defect develops over time with environmental wear and tear, the affirmative negligence exception is inapplicable" (id. [internal quotation marks omitted]).
Here, the Town defendants established, prima facie, that they did not receive prior written notice of the alleged defect by submitting, among other things, transcripts of the deposition testimony of a Town clerk and an affidavit from an employee of the Town Department of Highways who averred that a records search failed to reveal any prior written notice of a defective condition at the subject location (see Grady v Town of Hempstead, 223 AD3d 885, 886; Schaum v City of New York, 216 AD3d 691, 691). In opposition, the plaintiff failed to raise an issue of fact as to whether written notice had been provided or regarding the applicability of a recognized exception to the prior written notice rule. In particular, the plaintiff failed to raise an issue of fact as to whether the alleged dangerous condition arose immediately after the Town defendants performed work on the inside of the catch basin, as that work occurred approximately four years before the part of the sidewalk on which the plaintiff stepped crumbled beneath his foot (see Wilson v Incorporated Vil. of Freeport, 212 AD3d at 871; Fiero v City of New York, 190 AD3d 822, 824-825; Murphy v Brown, 178 AD3d 832, 834). Accordingly, the Supreme Court properly granted that branch of the Town defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
However, the Supreme Court should have denied that branch of Stasi's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "[A] contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Thomas v City of New York, 216 AD3d 1199, 1199 [internal quotation marks omitted]). Here, contrary to the court's determination, Stasi failed to establish, prima facie, that certain work it was contracted to perform on behalf of the Town defendants in 2009 did not result in the alleged dangerous condition. Since Stasi failed to meet its prima facie burden, it is not necessary to consider the sufficiency of the plaintiff's related opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court