Quinn v City of New Rochelle (2025 NY Slip Op 04586)

Quinn v City of New Rochelle

2025 NY Slip Op 04586

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2023-11054
 (Index No. 53974/21)

[*1]Jason Quinn, appellant, 
v
City of New Rochelle, respondent.

Bellinson Law, LLC (Robert J. Bellinson and Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for appellant.
Kathleen E. Gill, Corporation Counsel, New Rochelle, NY (Jeffrey Briem of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated August 9, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly slipped and fell on an exterior staircase of a building owned by the defendant, City of New Rochelle. The plaintiff subsequently commenced this action against the defendant, inter alia, to recover damages for personal injuries, alleging that he was injured as a result of a defective condition. The defendant moved for summary judgment dismissing the complaint, contending, among other things, that it did not have prior written notice of the alleged defective condition of the staircase. The plaintiff cross-moved for summary judgment on the issue of liability, contending, inter alia, that the defendant created the defect. In an order dated August 9, 2023, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"When a municipality has adopted a prior written notice law, the municipality 'cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies'" (Schaum v City of New York, 216 AD3d 691, 691, quoting Sanon v MTA Long Is. R.R., 203 AD3d 773, 775; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Where the municipality makes a prima facie showing that it lacked prior written notice of the alleged defect, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Reynolds v City of Poughkeepsie, 230 AD3d 1260, 1261 [internal quotation marks omitted]; see Goodman v City of New York, 230 AD3d 1115, 1116-1117). The affirmative negligence exception is limited to work done by a municipality "'that immediately results in the existence of a dangerous condition'" (Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871 [emphasis omitted], quoting Oboler v City of New York, 8 NY3d 888, 889). "Even if a municipality performs a negligent repair, where the defect [*2]develops over time with environmental wear and tear, the affirmative negligence exception is inapplicable" (id. [internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d 726, 728).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the alleged defect (see City of New Rochelle Charter § 127A; Grady v Town of Hempstead, 223 AD3d 885, 886; Sanchez v County of Nassau, 222 AD3d 685, 687). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to show that any work that the defendant performed on the staircase approximately 11 years prior to the accident affirmatively created the alleged defect (see Goodman v City of New York, 230 AD3d at 1117-1118; Wilson v Incorporated Vil. of Freeport, 212 AD3d at 872).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court