Marin v City of Newburgh (2025 NY Slip Op 06315)

Marin v City of Newburgh

2025 NY Slip Op 06315

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2024-07135
 (Index No. 4185/21)

[*1]Gloria Marin, et al., respondents,
v
City of Newburgh, appellant, et al., defendant.

Hodges Walsh & Burke, LLP, White Plains, NY (Paul E. Svensson of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant City of Newburgh appeals from an order of the Supreme Court, Orange County (David J. Squirrell, J.), dated May 30, 2024. The order denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant City of Newburgh for summary judgment dismissing the amended complaint insofar as asserted against it is granted.
The plaintiff Gloria Marin (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action against the defendant City of Newburgh, among others, inter alia, to recover damages for personal injuries that the injured plaintiff allegedly sustained in June 2020, when she tripped and fell on a sunken water valve cap in a roadway located in the City. The City moved for summary judgment dismissing the amended complaint insofar as asserted against it, contending, among other things, that it did not have prior written notice of the allegedly defective condition. In an order dated May 30, 2024, the Supreme Court denied the City's motion. The City appeals.
"When a municipality has adopted a prior written notice law, the municipality 'cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies'" (Schaum v City of New York, 216 AD3d 691, 691, quoting Sanon v MTA Long Is. R.R., 203 AD3d 773, 775; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Where the municipality makes a prima facie showing that it lacked prior written notice of the alleged defect, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Reynolds v City of Poughkeepsie, 230 AD3d 1260, 1261 [internal quotation marks omitted]; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130). The affirmative negligence exception is limited to work done by a municipality "that immediately results in the existence of a dangerous condition" (McConnell v County of Nassau, 228 AD3d 649, 651 [emphasis and internal quotation marks omitted]; see Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871).
Here, the City established, prima facie, that it did not receive prior written notice of [*2]the alleged defect (see Mitchell v Village of Monroe, 220 AD3d 853, 854; Morales v Village of Ossining, 218 AD3d 460, 461). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether an exception to the prior written notice law applied (see Grady v Town of Hempstead, 223 AD3d 885, 886; Wilson v Incorporated Vil. of Freeport, 212 AD3d at 872).
In light of our determination, we need not reach the City's remaining contention.
Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court