Mattiello v Town of Oyster Bay

2026 NY Slip Op 01956

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Gina Mattiello, appellant,

v

Town of Oyster Bay, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-12034, (Index No. 608023/21)

Betsy Barros, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Bornstein & Emanuel, P.C., Garden City, NY (Shane Bornstein of counsel), for appellant.

Devitt Spellman Barrett, LLP, Hauppauge, NY (Christi M. Kunzig of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christopher T. McGrath, J.), entered October 7, 2024. The order granted the defendant's renewed motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with costs.

On February 6, 2021, the plaintiff allegedly slipped and fell on an icy condition on a paved walking path in Theodore Roosevelt Memorial Park in the Town of Oyster Bay. The plaintiff commenced this action to recover damages for personal injuries against the Town. Thereafter, the Town moved for summary judgment dismissing the complaint. In an order dated June 6, 2024, the Supreme Court denied the defendant's motion "without prejudice on procedural grounds and with leave to resubmit its motion."

The Town subsequently made a renewed motion for summary judgment dismissing the complaint. In an order entered October 7, 2024, the Supreme Court granted the renewed motion. The plaintiff appeals.

"When a municipality has adopted a prior written notice law, the municipality cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies. Where such a local law is in effect, prior written notice of a defective condition is a condition precedent to maintaining an action against a municipality" (Walker v City of Newburgh, 222 AD3d 809, 810 [citation, alteration, and internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 473-476; Reynolds v City of Poughkeepsie, 230 AD3d 1260, 1260-1261). "To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect. Once that showing is made, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Canaday v Village of Wappingers Falls, 220 AD3d 731, 732 [citation and internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d 726, 728; Smith v City of New York, 210 AD3d 53, 62).

Contrary to the plaintiff's contention, the Town established, prima facie, that its prior written notice statute applied because the paved walkway where the accident occurred was the functional equivalent of a sidewalk (see Code of the Town of Oyster Bay § 160-1[B]; Sanchez v County of Nassau, 222 AD3d 685, 687; Bryan v City of Peekskill, 74 AD3d 1115). Moreover, the Town demonstrated, prima facie, that it did not receive prior written notice of the alleged defective or dangerous condition by submitting affidavits of its employees, who averred that their records searches failed to reveal any prior written notice of a defective or dangerous condition at the subject location (see Callaghan v County of Nassau, 236 AD3d 725, 727; Discepolo v County of Nassau, 226 AD3d 646, 647; Brower v County of Suffolk, 185 AD3d 774, 776). "To the extent the plaintiff contends that the defendant, in order to establish its prima facie entitlement to judgment as a matter of law, was required to demonstrate that it did not create the alleged defect through an affirmative act of negligence, the plaintiff has misstated the applicable law" (Goodman v City of New York, 230 AD3d 1115, 1117; see Smith v City of New York, 210 AD3d at 69-70). In opposition to the Town's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the Town's renewed motion for summary judgment dismissing the complaint.

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court